NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROVI GUIDES, INC.,**
*Appellant*

**v.**

**COMCAST CABLE COMMUNICATIONS, LLC,**
*Appellee*

---

2019-1309

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2017-00942.

---

Decided: January 13, 2020

---

JASON DANIEL EISENBERG, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, for appellant. Also represented by PAULINE PELLETIER, BYRON LEROY PICKARD.

FREDERIC MEEKER, Banner & Witcoff, Ltd., Washington, DC, for appellee. Also represented by JOHN HARRIS CURRY, JOHN R. HUTCHINS, CRAIG KRONENTHAL, BLAIR A. SILVER, BRADLEY CHARLES WRIGHT; GINGER ANDERS, Munger, Tolles & Olson LLP, Washington, DC; BRIAN JAMES SPRINGER, Los Angeles, CA.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Rovi Guides, Inc. ("Rovi") appeals a decision of the Patent Trial and Appeal Board ("Board") holding that claims 1–33 of U.S. Patent No. 8,566,871 ("the '871 patent") are unpatentable as obvious. We *affirm.*

BACKGROUND

The '871 patent, owned by Rovi, concerns electronic program guides that provide television ("TV") program schedule information. The '871 patent claims improved methods and systems for allowing users to interact with program guides. It describes the guides as "interactive program guides," also referred to as "IPGs." For example, using an interactive program guide, the user can engage in various activities such as (i) searching for TV programs by time or theme, (ii) obtaining plot, actor, or ratings information, and (iii) scheduling recordings.

The claimed invention is directed to a system using multiple interactive program guides. The '871 patent explains that there was a need for a multiple interactive program guide system that could be used in a single set-top box or computer and in which the multiple guides share data. Such a system would allow different users to configure each interactive program guide to his or her own preferences while avoiding conflicting requests (e.g., overlapping recordings) by various users.

On March 10, 2017, Comcast Cable Communications, LLC ("Comcast") petitioned for inter partes review ("IPR") of the '871 patent, and the Board instituted IPR. In its final written decision, the Board held claims 1–33 of the '871 patent unpatentable as obvious in light of prior art. Rovi now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

When an IPR is instituted from a petition filed before November 13, 2018, as here, the claims are given the "broadest reasonable interpretation" in light of the specification. *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016); *Changes to the Claim Construction Standard for Interpreting Claims in Trial Proceedings Before the Patent Trial and Appeal Board*, 83 Fed. Reg. 51340 (Oct. 11, 2018).

The Board held independent claims 1, 12, and 23 obvious in view of Browne (PCT Pub. No. WO 92/22983) and LaJoie (U.S. Patent No. 6,772,443).[1]

Browne discloses a multi-source recorder player that provides multiple video outputs and describes "virtual control screens" that can be used by several users to interact with the system. LaJoie discloses an interactive program guide that allows the user to create favorite channel lists, block certain channels, record select programs, and thus customize the guide. The Board reasoned that it would have been obvious to "modif[y] the teachings of Browne to use two instances of an interactive program guide like the one taught by LaJoie (rather than the multiple control screens as taught in Browne) to record and set reminders of different programs displayed on different televisions." J.A. 20. The modified system would have "two instances of an interactive program guide" that would be available for

---

[1]    The Board also held those claims obvious in view of (i) Browne and Alexander (PCT Pub. No. WO 99/04561) and (ii) Browne and Knudson (U.S. Patent Appl. Pub. No. US 2005/0240968). We need not reach these alternative grounds because we affirm the Board's decision based on Browne and LaJoie. We need not separately address the dependent claims because Rovi does not provide any argument based on limitations recited only in those claims.

"different users on different output [TV] devices."  J.A. 20, 23–24.

On appeal, Rovi argues that the Board erred in construing the claim limitation "first and second interactive electronic program guides," a phrase that is recited in independent claims 1, 12, and 23.[2]  Rovi contends that the

---

[2]    For example, claim 1 recites:

1. A method for displaying <u>first and second interactive electronic program guides</u> that are accessible from a plurality of user television equipment devices located in a household, the method comprising:

> receiving, from the first interactive electronic program guide, a first event of a first type scheduled with the first interactive electronic program guide;
>
> receiving, from the second interactive electronic program guide, a second event of a second type scheduled with the second interactive electronic program guide;
>
> storing the received first and second events in a memory accessible to the first and second interactive electronic program guides; and
>
> generating a list of scheduled events of the first and second types by aggregating the first and second scheduled events received from the <u>first and second interactive electronic program guides</u>, wherein the list of scheduled events is accessible for display from any of the <u>first and the second interactive electronic program guides</u> in the household.

"first and second interactive electronic program guides" must be "different from one another," Appellant's Br. 10, and that this requires "the 'first and second' IPGs . . . be separate and distinct IPG applications[] . . ., i.e., computer programs," Reply Br. 2. Rovi asserts that the claim language, specification, and prosecution history of the '871 patent support its construction, and argues that LaJoie does not disclose two different guides with different computer programs.

We conclude that the Board did not err in rejecting Rovi's argument that the "first and second" IPGs must be different computer programs. Rovi points out that various portions of the specification refer to "*different* IPGs." Appellant Br. 24–25. But the requirement that the IPGs be "different" does not mean that "different" guides must be different computer programs. Rovi also points to Figure 1C that shows "IPG data . . . shared between the *three IPG applications 22–24*." Reply Br. 21 (citing '871 patent, col. 7, ll. 55–61). But even if this figure shows one embodiment with "separate applications," the specification describes other embodiments that use "multiple . . . instances" or "independent instances" of the interactive program guide for the multiple IPG system and thus do not require different computer programs. '871 patent, col. 5, ll. 39–43, col. 8, ll. 49–52. We conclude that under the broadest reasonable interpretation standard the claims do not require different computer programs for the "first and second interactive electronic program guides." The Board did not err in concluding that the resulting "two instances" of the IPG as disclosed in the combination of Browne and LaJoie would satisfy the disputed limitation.

Rovi also asserts that the prosecution history concerning LaJoie and an Ellis reference shows that the claimed guides must use different computer programs. We disa-

---

'871 patent at col. 25, ll. 43–62 (emphasis added).

gree. No prosecution history statements distinguished La-Joie and Ellis based on the use of different computer programs.

Rovi further claims that the Board erred by requiring it to present expert testimony. The Board imposed no such requirement, merely pointing out that Rovi failed to provide expert testimony that supported a contrary decision. The inclusion of such a statement is not error. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1320 (Fed. Cir. 2016), *overruled on other grounds by Aqua Prods., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017).

CONCLUSION

For the foregoing reasons, we uphold the Board's decision.

**AFFIRMED**

COSTS

Costs to Comcast.